**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 30, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARIO WILLIAMS,

      Plaintiff - Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA, INC.; WILKINSON, Warden;
NURSE STEWART; RAY LARIMER,
Clinical Supervisor,

      Defendants - Appellees.

No. 17-7022
(D.C. No. 6:14-CV-00157-RAW-SPS)
(E.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

     Plaintiff Mario Williams, an Oklahoma inmate proceeding pro se, appeals from

the district court's grant of summary judgment to Corrections Corporation of America

and three of its employees on his claims of inadequate medical care under the Eighth

Amendment to the United States Constitution.  Exercising jurisdiction under 28 U.S.C.

§ 1291, we affirm.

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted
without oral argument.  This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Plaintiff alleges that he was mistreated for injuries to his hands sustained during exercise while he was incarcerated at the Davis Correctional Facility (DCF). The United States District Court for the Eastern District of Oklahoma held that Plaintiff had not established that the defendants acted with deliberate indifference, as is necessary for a constitutional claim under *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), because, at best, his claims only "assert[ed] a difference of opinion as to the kind and quality of medical treatment necessary under the circumstances." Dist. Ct. Order of Mar. 23, 2017, R. at 300. We agree.

The prison medical records show the following: Upon being notified of Plaintiff's request for medical attention on April 18, 2013, a licensed practical nurse examined his hands that day and concluded that they were swollen. He was examined again on April 21 by another licensed practical nurse who realigned one of his fingers and determined that another finger was possibly fractured. Although a follow-up appointment was scheduled at that time, Plaintiff filed an emergency grievance on April 23, and medical personnel took three x rays of each hand that day. According to the physician's report, the x rays revealed that the hands were normal, with no fractures or dislocations. Responding to another emergency grievance lodged on April 25, a registered nurse examined Plaintiff the next day. Plaintiff denied that he was experiencing pain but asked to see a doctor about a knuckle, saying, "I want to know where my knuckle is." R. at 298. He was reminded of his upcoming follow-up appointment. Plaintiff submitted yet a third emergency grievance on May 3—this one requesting that he be taken to a hospital or a hand specialist. The request was denied, but a doctor asked for Plaintiff's x-ray films

2

on May 9. On May 15 Plaintiff was transferred to another prison. On May 21 a doctor at the new prison examined Plaintiff's hands and concluded that there were no fractures and that an outside referral was unwarranted. Defendant claims that x rays of his hands taken on June 6 at his new prison showed two broken fingers.

On appeal Plaintiff argues that summary judgment should not have been granted because the district court disregarded (1) evidence that he was never actually seen by a doctor (as opposed to a nurse) before his transfer, and (2) evidence that later x rays had proved that his hands were indeed fractured, which presumably could raise an inference that he had been misdiagnosed and mistreated. But the undisputed evidence shows that Plaintiff was repeatedly seen by medical personnel at DCF and the x-ray studies taken while he was there were negative. Thus, the evidence supports nothing more than claims of medical negligence—not enough for a constitutional claim. *See Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.").

We **AFFIRM** the judgment of the district court. Because we affirm the district court's ruling on Plaintiff's federal claims, we do not disturb its decision to decline to exercise supplemental jurisdiction over his state-law claim.

Entered for the Court


Harris L Hartz
Circuit Judge


3